IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), a nonprofit Latino Civil rights organization; CRISTINA ACOSTA; IVAN CASTILLO; ANTHONY RIOS; and IVAN SANCHEZ,<br>　　　*Plaintiffs*, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| v. | § | Civil Action No. 4:22-cv-04199 |
| THE CITY OF HOUSTON; and PAT J. DANIEL, in her official capacity as City Secretary for the City of Houston<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§ | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1.  **State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

    Martin Golando for the Plaintiffs and Chris Gilbert for the Defendants conferred by email during the week of July 17, 2023.

2.  **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

    None.

3.  **Briefly describe what this case is about.**

    This lawsuit is brought under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 *et seq.*, which prohibits enforcement of any voting qualification, prerequisite to voting, standard, practice, or procedure that results in the denial or abridgment of the right to vote on account of race, color, or language minority status. Plaintiffs challenge the "at-large" election system used by the City of Houston to elect five of its council members.

1

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3) & (4) and 52 U.S.C. §§ 10301.

5. **Identify the parties who disagree and the reasons.**

   None.

6. **Identify any issues as to service of process, personal jurisdiction, or venue.**

   None.

7. **List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.**

   None.

8. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

   The parties have not made initial disclosures (in part due to the "abatement" that was entered while the Supreme Court considered *Allen v. Milligan*). The parties have agreed to make initial disclosures by September 15, 2023.

9. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

   The parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

10. **Describe the proposed discovery plan, including:**

    A. **Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.**

       The parties do not anticipate raising any other concerns described in Rule 26(f) other than what is set forth in this proposed plan. The parties agree to accept all electronic service and communications.

      The parties agree that they will initially produce documents in searchable, .pdf format, with the understanding that each may thereafter designate specific documents that they want produced in native format with all metadata, and such will be produced within seven business days' of receipt of any such request. If a party requests that a large number of documents be re-produced in native format, the other party, at its discretion, may thereafter choose to produce all documents in native format. There is also an exception to this general agreement: if either party has any documents to produce that cannot be converted to a searchable .pdf format without losing data (such as Excel spreadsheets with mathematical formulae), such will be initially produced in native format.

**B.**     **When and to whom the plaintiff anticipates it may send interrogatories and requests for production.**

      The Plaintiffs anticipate sending interrogatories and requests for production to the Defendants prior to the end of the discovery period.

**C.**     **When and to whom the defendant anticipates it may send interrogatories and requests for production.**

      The Defendants anticipate sending interrogatories and requests for production to the Plaintiffs prior to the end of the discovery period.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

      Plaintiffs anticipate deposing the corporate representative of the City of Houston and Pat J. Daniel by the close of discovery in this matter. Plaintiffs reserve the right to depose additional persons as their identities become known through discovery. The parties agree to discuss whether to take each deposition live or by remote means on a deposition-by-deposition basis.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.**

      Defendants anticipate deposing the named Plaintiffs by the close of discovery in this matter. Defendants reserve the right to depose additional persons as their identities become known through discovery. The parties agree to discuss whether to take each deposition live or by remote means on a deposition-by-deposition basis.

**F.**     **Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

      Not in this case.

G. **Any experts needed on issues other than attorneys' fees.**

Yes – the parties anticipate designating one or more experts on issues specific to challenges under the Voting Rights Act, including the factors identified in *Thornberg v. Gingles*, 478 U.S. 30 (1986) (*i.e.*, whether a minority group is: (1) sufficiently large and geographically compact to constitute a majority in a single-member district; (2) politically cohesive; and (3) the white majority votes sufficiently as a bloc to enable it – in the absence of special circumstances – usually to defeat the minority's preferred candidate), and the non-exhaustive factors in the Senate Judiciary Committee Report accompanying the 1982 amendments to the Voting Rights Act.

H. **If medical experts are needed, whether they are only treating physicians or also designated on other issues.**

No medical experts.

I. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.**

Plaintiffs will designate their experts and provide all required reports on or before **October 27, 2023**. Defendants will designate their experts and provide all required reports on or before **February 16, 2024**.

J. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate deposing any experts designated by the Defendants by the close of discovery in this matter. The parties agree to discuss whether to take each deposition live or by remote means on a deposition-by-deposition basis.

K. **List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate deposing any experts designated by the Plaintiffs by the close of discovery in this matter. The parties agree to discuss whether to take each deposition live or by remote means on a deposition-by-deposition basis.

      L.      **In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

      Not applicable.

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

      The parties agree to the discovery plan.

12.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

      None.

13.    **State the date the planned discovery can reasonably be completed.**

      May 31, 2024.

14.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

      The parties' position is that it is unlikely that a prompt settlement of the case will occur.

15.    **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

      The parties agree that alternative resolution activities are not likely to be fruitful but may revisit the issue after expert reports have been exchanged.

16.    **Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.**

      The parties do not agree to proceed before a magistrate judge.

17.    **State whether a jury demand has been made and if it was made on time.**

      No jury demand has been made.

18. **Specify the number of hours it will likely take to present the evidence.**

    The parties currently estimate that 35-40 hours of evidence will be presented in the case, but that number may change based on discovery in this case.

19. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

    None.

20. **List other pending motions.**

    None.

21. **List issues or matters, including discovery, that should be addressed at the conference.**

    None.

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    Plaintiffs' Disclosure of Interested Persons will be filed on July 23, 2023.

    Defendants' Disclosure of Interested Persons was filed on July 20, 2023.

23. **List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.**

**Counsel for the Plaintiffs:**

Martin Golando
The Law Office of Martin Golando, PLLC
Texas Bar No. 24059153
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Email: martin.golando@gmail.com

Jose Garza
State Bar No. 07731950
LAW OFFICE OF JOSE GARZA
7414 Robin Rest Drive
San Antonio, Texas 78209

**Counsel for the Defendants:**

Lisa R. McBride
State Bar No. 24026829
lmcbride@thompsonhorton.com
Christopher B. Gilbert
State Bar No. 00787535
cgilbert@thompsonhorton.com
Stephanie A. Hamm
State Bar No. 24069841
shamm@thompsonhorton.com
Celena M. Vinson
State Bar No. 24037651
cvinson@thompsonhorton.com
THOMPSON & HORTON LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6714
Facsimile: (713) 583-9611


Edgardo E. Colón
State Bar No. 04626445
Edgar.c@westllp.com
Craig Capua
State Bar No. 03783950
Craig.c@westllp.com
Louis A. Bedford, IV
State Bar No. 24109630
Louis.b@westllp.com
West & Associates, L.L.P.
4601 Washington Ave., Suite 200
Houston, Texas 77007
Telephone: (713)520-1064
Facsimile: (713) 955-5030

Suzanne R. Chauvin
Chief, General Litigation Section
Southern District Bar No. 14512
Texas State Bar No. 04160600
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone: 832.393.6219
Fax: 832.393.6259
suzanne.chauvin@houstontx.gov

/s/ Martin Golando[1]        July 21, 2023
Counsel for Plaintiffs                  Date

/s/ Christopher B. Gilbert       July 21, 2023
Counsel for Defendants               Date

---

[1] By permission. /s/ Christopher B. Gilbert